IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD TERHUNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12 C 7865 |
| ) | |
| THE BOARD OF EDUCATION OF ZION ) | |
| ELEMENTARY SCHOOL DISTRICT 6, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Richard Terhune's (Terhune) motion for summary judgment, and on Defendant Board of Education of Zion Elementary School District 6's (Board) motion for summary judgment. For the reasons stated below, the Board's motion for summary judgment is granted and Terhune's motion for summary judgment is denied.

# BACKGROUND

Terhune alleges that he was hired by the Board in 2005 as an Assistant Superintendent of Business Services for one-year renewable contracts. Terhune contends that he reported directly to Defendant John Ahlgrim (Ahlgrim), the

Superintendent of Zion Elementary School District 6 (District). Terhune claims that he acquired tenure in 2009. According to Terhune, each year his employment contract was renewed until the contract for the 2011-12 school year. Terhune claims that Ahlgrim, in an attempt to justify not renewing Terhune's contract, falsely alleged performance deficiencies by Terhune. Ahlgrim allegedly recommended to the Board that Terhune's contract not be renewed. Subsequently, Terhune allegedly requested that he be reassigned to a classroom for the 2011-12 school year, but Ahlgrim suggested that Terhune take a new administrator position instead of being reassigned to the classroom. Terhune contends that, as a tenured teacher, he was entitled to a reassignment in a classroom position as a physical education teacher. On March 21, 2011, the Board allegedly issued to Terhune a notice of non-renewal, informing him that due to a reduction in force (RIF), he would not be re-employed for the 2011-12 school year. Terhune contends that he was the only employee subjected to the RIF and that such action violated the seniority rights provided in the school code. Terhune brought the instant action and includes in his complaint an age discrimination claim brought against the Board pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* (Count I), a tortious interference with contract claim brought against Ahlgrim (Count II), a tortious interference with prospective economic advantage claim brought against Ahlgrim (Count III), retaliatory discharge claims brought against Ahlgrim and the Board (Count IV), and claims brought against Ahlgrim and the Board pursuant to 42 U.S.C. § 1983 (Section 1983), alleging a violation of Terhune's due process rights (Count V). On February

20, 2013, this court granted Defendants' motion to dismiss Counts I, II, III, and IV and denied Defendants' motion to dismiss Count V. The court also held that the only remaining claim in Count V was a claim against the Board. Terhune and the Board have filed cross-motions for summary judgment on Count V.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Phillip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). When there are cross motions for summary judgment, the court should "construe the evidence and all reasonable

inferences in favor of the party against whom the motion under consideration is made." *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

## DISCUSSION

The Board contends that Terhune has failed to point to sufficient evidence for his due process claim. For a due process claim in the employment context a plaintiff must establish: (1) that he was denied a "protectible property interest in continued employment," and (2) that his employment was "terminated without due process." *Harbaugh v. Board of Educ. of City of Chicago*, 716 F.3d 983, 986 (7th Cir. 2013)(internal quotations omitted)(quoting in part *Gleason v. Bd. of Educ. of City of Chi.*, 792 F.2d 76, 79 (7th Cir. 1986)); *see also Omosegbon v. Wells*, 335 F.3d 668, 674 (7th Cir. 2003)(stating that "[t]he standard elements of a due process claim include whether the plaintiff suffered a deprivation of a cognizable property or liberty interest, and whether any such deprivation occurred without due process").

### A. Protected Property Interest

Terhune contends that he had a protectible property interest in continued employment because he was a tenured teacher. Under Illinois law, "[a] tenured teacher may be fired only for cause . . . , conferring a legitimate expectation of continued employment and thus a protected property interest that may not be

4

terminated without due process." *See Harbaugh*, 716 F.3d at 986 (stating that "[t]he question of tenure is governed by state law"); *see also Lalvani v. Cook County, Illinois*, 269 F.3d 785, 791 (7th Cir. 2001)(stating that "[a] property interest exists only where the government employee has a legitimate claim of entitlement to his job"). The Board does not dispute that Terhune had achieved tenure with the District. (DSF Par. 11). However, the Board argues that Terhune was not deprived of a protected property interest because he chose not to accept a job with the District. It is undisputed that after Terhune was dismissed in March 2011, the Board directed Ahlgrim to reconfigure his staffing plan in order to try and find Terhune a physical education teaching position within the District and to offer Terhune the position. (R DSF Par. 26). It is also undisputed that despite such steps taken by the Board, Terhune chose to enter into an employment contract at another school on an at-will basis. (R DSF Par. 27). The Board also contends that on May 17, 2011, Ahlgrim in fact offered Terhune the physical education position and Terhune declined the offer. (DSF Par. 29). Terhune contends that he did not receive any official notice from the Board rescinding the RIF or any formal offer in writing and so he did not "count it as an offer." (R DSF Par. 29). Terhune admits knowledge of the offer and testified at his deposition that he "didn't pay much attention to it because it was verbal." (Ter. Dep. 118-19). Terhune admitted at his deposition that he did not follow up on the offer. (Ter. Dep. 119-20). The Board has also produced evidence that has not been rebutted by Terhune that his original offer with the District was made via an oral offer. (Bennet Dep. 78-79). Also, although Terhune argues that he had already

accepted an offer from another school, it is undisputed that the position was an at-will position and that Terhune could have left that position without a penalty. (R DSF Par. 27). The undisputed facts thus show that Ahlgrim reconfigured his staffing plan to create a position for Terhune and offered the position to Terhune. Terhune chose not to take that offer and chose to take another position at a different school. It was Terhune himself, not the Board that was the cause of the cessation of Terhune's employment with the District. Thus, Terhune has not shown that he was deprived of a protected property interest.

B.  Process Due

The Board contends that Terhune has not pointed to sufficient evidence to show that the Board failed to provide Terhune with due process. In order for a government employee to show that he was denied due process, the employee can "show that state procedures as written do not supply basic due process or that state officials acted in an 'random and unauthorized' fashion in depriving the plaintiff of his protected interest." *Strasburger v. Board of Educ., Hardin County Community Unit School Dist. No. 1*, 143 F.3d 351, 358 (7th Cir. 1998). The court notes that Terhune cites to *Baird v. Board of Educ. for Warren Community Unit School Dist. No. 205*, 389 F.3d 685 (7th Cir. 2004). (Ans. SJ 5). However, *Baird* is distinguishable from the instant action since it involved a dismissal for cause as opposed to a RIF as in the instant action, and the requirements for due process are not the same. *Id.* at 688-89.

Terhune contends that the RIF violated Terhune's seniority rights set forth in 105 ILCS 5/24-12 and that he was unfairly made the victim of "an unlawful RIF of one. . . ." (P Reply 1). A government employee "with a property interest" in his job whose employment is terminated pursuant to a RIF, "can be terminated without full-blown due process hearings if [he is] properly terminated during a RIF that is not implemented through individualized decisions about whom to fire." *Lalvani*, 269 F.3d at 791 (stating that "a government employer cannot avoid its procedural obligations if it is picking specific individuals for lay-off or termination, nor can it use a RIF to conceal a for-cause dismissal and thereby deprive a career employee of the procedural protections to which he would otherwise be entitled"). It is undisputed that in the months proceeding the non-renewal of Terhune's contract, the District was developing its ongoing staffing plan for the next school year and that there was a declining student enrollment. (R DSF Par. 18). It is also undisputed that one physical education teacher position was eliminated as a result of the RIF. (R DSF Par. 19). Terhune has not pointed to sufficient evidence for a reasonable trier of fact to conclude that the RIF was implemented based on individualized concerns relating to Terhune or that the RIF was not a bona fide RIF approved in good faith based on the reduced enrollment figures.

Terhune also argues that the District acted in a random and unauthorized fashion in executing the RIF. However, a plaintiff "who challenges state action as 'random and unauthorized' must also demonstrate that state post-deprivation remedies do not satisfy due process." *Strasburger*, 143 F.3d at 358. Terhune

contends in his response to the Board's motion for summary judgment that the Illinois Code provides for post-deprivation hearings for RIFs only when five or more teachers are discharged, but Terhune acknowledges that he had the post-deprivation remedy of pursuing "some form of state-law civil proceeding, such as a breach of contract action." (Ans. D SJ 10). Terhune has not pointed to any evidence showing that Terhune initiated any state-law civil proceedings against the Board, and his "failure to avail [himself] of available state remedies is, therefore, fatal to [his] federal due process claim." *Leavell*, 600 F.3d at 806. In addition, Terhune had a post-deprivation remedy under the Illinois Administrative Review Act. The undisputed evidence also shows that Terhune was provided with a post-deprivation remedy by the Board. After Terhune's position was eliminated due to a RIF, he communicated with the Board and, thereafter, the Board directed Ahlgrim to create a position for Terhune. (R DSF Par. 26).

      Terhune attempts to discount his actual knowledge of the upcoming RIF based on a technicality contending that the RIF was not officially listed on the agenda of the Board meeting on March 21, 2011. (Ans. DSJ 6). However, the Board has produced evidence showing that Terhune knew of the RIF. (D Ex. J). The Board has also produced a letter to Terhune, dated March 21, 2011, signed by Terhune as received, that informed him of the RIF. (D Ex. Q). The undisputed evidence shows that Terhune was allowed to make a detailed presentation to the Board in a closed session in support of keeping his position. (R DSF Par. 23). Terhune complains that he was not allowed to remain for the entire Board meeting, but he cites no precedent

that would require his presence during the entire meeting to satisfy due process. Terhune also contends that Ahlgrim misled the Board at the meeting after Terhune left. However, Terhune has not pointed to sufficient evidence to show that Ahlgrim misled the Board in any way. Thus, no reasonable trier of fact could conclude other than that Terhune was accorded due process prior to his dismissal. Based on the above, the Board's motion for summary judgment is granted and Terhune's motion for summary judgment is denied.

## CONCLUSION

Based on the foregoing analysis, the Board's motion for summary judgment is granted and Terhune's motion for summary judgment is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 15, 2013